# REPORTS OF CASES

DETERMINED IN THE

# SUPREME COURT,

## APRIL TERM, 1873.

---

[No. 3,463.]

## S. A. KUSEL *v.* WILLIAM SHARKEY.

STATEMENT ON MOTION FOR NEW TRIAL. — A statement on motion for a new trial must contain the specifications particularly pointing out wherein the judgment is not warranted by the evidence, or wherein the facts found are contrary to the evidence, or what the errors in law were, if the new trial is asked on said grounds, or it will be disregarded.

IMPLIED FINDINGS OF FACT.—If the facts found are silent upon some material issue, the law implies that the Court found upon that issue in such a way as to support the judgment.

FACTS INSUFFICIENT TO SHOW TRESPASS. —In replevin for hogs distrained under the Act of March 26th, 1857, the Court found that the "defendant had caught the said hogs in traps on his land, and had hauled them in wagons to the pen," and that certain persons, selected by the Constable without notice to the plaintiff and in his absence, and who were not sworn nor acting on the testimony of sworn witnesses, appraised the damages "committed by said hogs in destroying fifteen acres of grain which defendant claimed was destroyed by said hogs." *Held,* that such facts do not tend to prove the trespass.

APPEAL from the District Court of the Second Judicial District, County of Butte.

The action was replevin, to recover one hundred and seventy-five hogs. The plaintiff had judgment. The defendant moved for a new trial, and his statement was filed January 24th, 1872. The following were the only specifications in the statement:

"Upon the above statement defendant moves for a new trial herein, and as grounds of his motion for a new trial, and as assignment of errors on motion for new trial and appeal, makes the following specifications:

"First—The Court erred in rendering a judgment for gold coin.

"Second—The findings of fact and conclusions of law drawn from the facts are contrary to the evidence, and are not sustained by the facts found, nor the law as drawn from said facts.

"Third—The judgment is erroneous, as being contrary to the evidence, the findings of facts, and the law of the case."

The attorneys stipulated that the statement was correct."

The motion was denied, and he appealed from the judgment and from the order denying his motion for a new trial.

The other facts are stated in the opinion.

*W. C. Belcher*, and *Burt & Sexton*, for Appellant.

*L. C. Granger*, for Respondent.

By the Court, CROCKETT, J.:

The appeal in this case must be decided on the judgment roll alone. The motion for a new trial was founded on the ground—first, that the findings were not justified by the evidence; second, errors in law occurring at the trial; third, that the findings were contrary to the law and the evidence. But there were no specifications in the statement as required by section one hundred and ninety-five of the Practice Act,

and it must therefore be disregarded. The only defense relied upon by the defendant is, that the hogs, which constitute the subject matter of the action, were taken up whilst *damage feasant* on his land, and that at common law as well as by the provisions of the Act of March 26th, 1857 (Stats. 1857, p. 106), he was entitled to take them up and hold them until the owner paid the damages they had caused, together with the cost of keeping them; and that he was so holding them at the commencement of this action, having, up to that time at least, complied strictly with the requirements of the above mentioned Act. The *fact*, which lies at the foundation of the defense, is that the hogs were taken up whilst *damage feasant* on the defendant's premises, and we can look only to the findings to ascertain whether this fact existed. The only finding on this point is that the plaintiff was the owner of the hogs, and found them in a pen on the defendant's premises, and that the "defendant had caught the said hogs in traps on his land, and had hauled them in wagons to the pen above mentioned, where he fed and watered them until the 15th day of September, 1870." The Court, it is true, further finds that when the plaintiff demanded the hogs the defendant refused to deliver them unless the plaintiff would pay the damages "claimed by the defendant for trespass alleged to have been committed by said hogs on his land, and for taking up, keeping, and feeding said hogs, amounting to about the sum of seven hundred and eighty-nine dollars, and that the plaintiff refused to pay said amount or claims, or any sum whatever, and denied the defendant's right to take up said hogs." The Court further finds that on the next day the defendant turned over the hogs to the possession of a Constable, who advertised them for sale, selected three persons "to act as appraisers and assess the amount of damages claimed to have been done by said hogs to the premises of defendant," and that the appraisers, without having been

sworn or viewed the premises, and without the testimony of sworn witnesses, and in the absence of the plaintiff, who had no notice of the proceeding, made an award assessing the damage and the cost of taking up and keeping the hogs, whereupon the constable proceeded to sell and did sell the hogs for six hundred dollars; that all these proceedings by the Constable and the appraisers occurred after the commencement of this action, which was instituted on the same day on which the hogs were delivered to the Constable. The Court also finds that the defendant "posted notices of the taking up of said hogs in three public places of Chico Township, * * * correctly describing the marks of said hogs." But it is nowhere found as a *fact*, even inferentially, that the hogs were taken up whilst trespassing on the defendant's premises. The circumstances that the "defendant had caught the said hogs in traps on his land, and had hauled them in wagons to the pen," is in no sense equivalent to an affirmation that they were found trespassing on the land. *Non constat* but that they were driven from off the adjoining premises into the traps, or that they were on the land of the defendant by his license or with his consent. All the other facts found, having any relevancy to this point, are that the defendant posted notices that he had taken up the hogs, and when the plaintiff demanded them, the defendant refused to deliver them, unless he was paid certain damages "for trespass *alleged* to have been committed by said hogs on his land," which damages the defendant refused to pay, and denied "the defendant's right to take up said hogs." All that this amounts to is the assertion on one side of a claim founded on an "alleged trespass" and a denial of it on the other side. The fact that certain persons selected by the Constable, without notice to the plaintiff, and in his absence, and who were not sworn, nor acted on the testimony of sworn witnesses, appraised the damages "committed by said hogs in destroying fifteen acres of grain, which

defendant *claimed* was destroyed by said hogs," neither proves nor tends to prove the *fact* that the hogs were taken up whilst trespassing on the defendant's land.

In short there is nothing in the findings which either expressly or by reasonable deduction establishes this material fact. If we were at liberty to look into the evidence, we would doubtless find much tending to support the defendant's theory of the facts. But if the findings were defective on this point, the statute points out how the defect might have been remedied, and if they were not justified by the evidence, the statement on the motion for a new trial should have contained the necessary specifications to enable us to review the evidence. But, as the case is presented by this record, we discover no error in the judgment.

Judgment affirmed.

Mr. Justice BELCHER, being disqualified, did not participate in the decision.